```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JANE KAUPP,                         :
                                    :
            Plaintiff,              :
                                    :    10 Civ. 7559 (JFK)
      -against-                     :
                                    :    MEMORANDUM OPINION
JUST MARKETING INC., et al.         :         AND ORDER
                                    :
            Defendants.             :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

This action was originally filed in the Supreme Court of the State of New York, New York County, by Jane Kaupp against her former lover, John Church, and Church's former employer, Just Marketing, Inc. ("JMI").  The matter was removed to this Court.  By letters dated December 30, 2010 and January 13, 2011, JMI:  (1) requests that the Court reconsider its December 21, 2010 oral order permitting document discovery to proceed; and (2) raises a number of objections to document requests made by Kaupp.  For the reasons set forth below, JMI's request for reconsideration is denied and JMI is directed to present its objections to Magistrate Judge Freeman.

### I. Reconsideration of the Court's Discovery Order

**A. Legal Standard**

Under Local Civil Rule 6.3, a motion for reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been

-1-

considered, might reasonably have altered the result of the initial decision. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Keiser v. CDC Inv. Mgmt. Corp., No. 99 Civ. 12101, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).

**B.  Application**

In its letter dated December 30, 2010, Defendant JMI argues that "allowing the plaintiff to serve document requests on JMI at this stage is tantamount to an invitation for more harassment." (JMI December 30, 2010 Letter, at 2.)  This is the same argument presented to the Court on December 21, 2010, before the Court issued its oral order for document discovery to proceed.  In an apparent attempt to present "controlling . . . facts" overlooked by the Court, JMI asserts that "[s]ince [the December 21] conference, the Court has been presented with a record that reflects an obvious intent on the plaintiff's part to use the judicial process improperly." (Id. at 1.)  However, the discussion in the paragraph following that allegation involves matters which were in substance presented to the Court at the December 21, 2010 conference.  Similarly, JMI's January 13, 2011 letter does not present any new legal or factual issues regarding the appropriateness of conducting document discovery in general; instead, the January 13, 2011 letter raises objections to specific document requests.

Rather than presenting new facts or controlling decisions that the Court has overlooked, JMI merely reiterates the same arguments presented at the December 21, 2010 conference. Therefore, JMI's request for reconsideration is DENIED.

## II.   Specific Discovery Objections

JMI objects to certain document requests made by Kaupp in her January 12, 2011 Notice to Produce Documents.  The Court has referred all discovery matters to U.S. Magistrate Judge Debra Freeman. (See Case Management Order [Doc. No. 14].)  As such, the Court will not pass on the objections raised in JMI's letters.  JMI is directed to present any specific discovery objections to Magistrate Judge Freeman in a manner consistent with her individual practices.

SO ORDERED.

Dated:    New York, New York
         January 21, 2011

                                       _____
                                              JOHN F. KEENAN
                                       United States District Judge